IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SHAYNEN JONES,**
a West Virginia Resident,

      Plaintiff.

v.                                    CIVIL ACTION NO. __3:20-cv-00786__
                                            **(Formerly Civil Action No. 20-C-351 in**
                                            **the Circuit Court of Cabell County, WV)**

**MARSHALL UNIVERSITY BOARD**
**OF GOVERNORS d/b/a MARSHALL UNIVERSITY;**
**STEPHANIE BALLOU, an individual; and,**
**MAURICE COOLEY, an individual,**

      **Defendants.**

## DEFENDANTS NOTICE OF REMOVAL

      Defendant, Marshall University Board of Governors d/b/a Marshall University, Stephanie Ballou, and Maurice Cooley, by counsel Perry W. Oxley, David E. Rich, Eric D. Salyers, and the law firm of Oxley Rich Sammons PLLC, pursuant 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. § 1441, respectfully notifies the parties and the Court that the above-styled civil action has been removed from the Circuit Court of Cabell County, West Virginia to the United States District Court for the Southern District of West Virginia. As grounds for removal, Defendant states as follows:

      1.      The Plaintiff originally filed the Complaint on October. *See* Complaint and certified copy of Docket Sheet attached hereto as **Exhibit 1**.

      2.      The Defendants received a copy of the Complaint on November 4, 2020**.**

      3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 (b)(1).

4. The crux of Plaintiff's Complaint involves a series of allegations that the Defendants failed to make reasonable accommodations for the Plaintiff regarding her hearing disability.

5. Specifically, Plaintiff's Complaint states that Defendant Marshall University violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq*. by alleging that she is a qualified individual with a disability under 504 of the Rehabilitation Act of 1973, 29 U.S.C. §705(20), that 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq*. applies to Defendant Marshall University because it "receive[s] Federal financial assistance," and Defendant Marshall University "has failed and refused to provide reasonable accommodations to Plaintiff."

6. Moreover, Plaintiff alleges a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §12102, *et seq*.

7. Additionally, the Plaintiff alleges a civil rights violation under 42 U.S.C. §1983.

8. 28 U.S.C. § 1331 provides that, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. In this matter, Plaintiff has alleged that the basis for this civil action arises under an alleged violation of federal law.

10. Further, Plaintiff has alleged a claim under 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

11. Therefore, because the basis for this civil action involves the violation of the ADA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983, this civil action arises under the Constitution and the laws of the United States, this action is properly removable to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1331.

12. To the extent that Plaintiff's Complaint alleges any additional claims against the Defendants under a theory of state law, 28 U.S.C. § 1446(a) provides that whenever a separate and independent claim within the jurisdiction conferred by 28 U.S.C. § 1331 is joined with one or more otherwise non-removable claim or cause of action, the entire case may be removed and the United States District Court may determine all issues herein. Therefore, Plaintiff's entire case is properly removable to this Court.

9. Pursuant to L. R. Civ. P. 3.4(b), a copy of the Docket Sheet from the Circuit Court of Cabell County, WV is attached hereto as **Exhibit 1**.

10. A file stamped copy of this Notice of Removal will be filed in the Circuit Court of Cabell County, West Virginia.

11. A copy of the Civil Cover Sheet has been attached hereto.

**WHEREFORE**, the Defendants file this Notice to remove the civil action now pending in the Circuit Court of Cabell County, West Virginia, Civil Action No. 20-C-351, to the United States District Court for the Southern District of West Virginia. No further proceedings in this action can be had in the aforementioned circuit court.

**MARSHALL UNIVERSITY BOARD OF GOVERNORS d/b/a MARSHALL UNIVERSITY, STEPHANIE BALLOU, AND MAURICE COOLEY,**

**BY COUNSEL**

        s/Perry W. Oxley
Perry W. Oxley, Esq. (WVSB #7211)
David E. Rich, Esq. (WVSB #9141)
Eric D. Salyers, Esq. (WVSB #13042)
**Oxley Rich Sammons, PLLC**
P.O. Box 1704
Huntington, WV 25718
Phone: (304) 522-1138
Fax: (304) 522-9528
poxley@oxleylawwv.com
drich@oxleylawwv.com
esalyers@oxleylawwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SHAYNEN JONES,**
a West Virginia Resident,

      Plaintiff.

v.                      CIVIL ACTION NO. 3:20-cv-00786
                              **(Formerly Civil Action No. 20-C-351 in**
                              **the Circuit Court of Cabell County, WV)**

**MARSHALL UNIVERSITY BOARD**
**OF GOVERNORS d/b/a MARSHALL UNIVERSITY;**
**STEPHANIE BALLOU, an individual; and,**
**MAURICE COOLEY, an individual,**

      **Defendants.**

## CERTIFICATE OF SERVICE

    I, undersigned counsel, confirm that I served the foregoing **Defendants Notice of Removal** by depositing a true copy of the same in the United States mail, postage prepaid on this 4th day of December, 2020, upon the following counsel of record:

David K. Hendrickson
Barbara A. Samples
Eric A. Arnold
HENDRICKSON & LONG, PLLC
214 Capital Street
P.O. Box 11070
Charleston, WV 25339
*Counsel for Plaintiff*

    I also filed the pleading with the Clerk of the Court using the CM/ECF system, which may send notification of such filing to counsel of record if they are CM/ECF participants.

                                    **s/ Perry W. Oxley**
                                    Perry W. Oxley (WVSB #7211)
                                    David E. Rich (WVSB #9141)
                                    Eric D. Salyers (WVSB #13042)