IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SHAYNEN JONES, a**
**West Virginia Resident,**

   **Plaintiff,**

v.             CIVIL ACTION NO. 3:20-cv-00786

**MARSHALL UNIVERSITY BOARD**
**OF GOVERNORS d/b/a MARSHALL**
**UNIVERSITY; STEPHANIE BALLOU,**
**an individual; and MAURICE COOLEY,**
**an individual,**

   **Defendants.**

## AMENDED COMPLAINT

  COMES NOW Plaintiff Shaynen Jones (hereinafter referred to as "Plaintiff"), and for her Amended Complaint against Defendants respectfully represents to the Court as follows:

### PARTIES AND JURISDICTION

  1. Plaintiff is a resident of the State of West Virginia and, at all time relevant to this action, was a student at Marshall University.

  2. Plaintiff is totally deaf which is a "disability" within the meaning and definition of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq*. and 42 U.S.C. § 12131; the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. and 29 U.S.C. § 705(20); and, the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq*.

  3. Plaintiff possesses above-average cognitive, emotional and mental acuity compared to able bodied adults of her age. Plaintiff's academic records reflect this above-average ability. Due to her disability, Plaintiff is the recipient of numerous federal and state program,

services and accommodations to help her achieve independence and a career in the public workforce.

4. Plaintiff is qualified to be a student at Marshall University and able to perform all of the essential functions of being a student with reasonable accommodations.

5. Defendant Marshall University Board of Governors d/b/a/ Marshall University (hereinafter sometimes referred to as "Defendant University"; "Marshall University"; or, the "University") was and is a statutorily created public entity, with its principal offices located in Huntington, Cabell County, West Virginia and which operates a public educational institution of higher learning, located in Huntington, Cabell County, West Virginia.

6. Defendant Stephanie Ballou is Director of Disability Services at Marshall University. She is named in this case in her official capacity as Director of Disability Services at Marshall University.

7. Defendant Maurice Cooley, at all times relevant, was Interim Director of Student Affairs, in addition to his title of Associate Vice President, Intercultural Affairs, both positions at Marshall University. He is named in this case in his official capacity as Interim Director of Student Affairs and Associate Vice President, Intercultural Affairs, at Marshall University.

8. Jurisdiction and venue are proper in this Court as the events and the circumstances giving rise to this Complaint and the causes of action which are the subject of this Complaint arose in Cabell County, West Virginia.

**GENERAL FACTUAL ALLEGATIONS**

9. In 2019 Plaintiff enrolled at Marshall University as an undergraduate student majoring in pre-Nursing.

10. Prior to enrolling at Marshall University, Plaintiff successfully completed thirty (30) transferrable hours of undergraduate credits/courses at Mountwest Community and Technical College. Plaintiff elected to transfer and seek admission to Marshall University solely to enter its undergraduate pre-nursing program with a plan to gain admission to the University's School of Nursing.

11. As a result of Plaintiff's hearing disability, Plaintiff requires accommodations, such as the use of a sign-language interpreter, a note-taker, other interpreter accommodations, testing accommodations, additional time and alternative methods for completion of certain assignments.

12. Promptly after her acceptance and registration for the Fall 2019 semester at Marshall University, in approximately March 2019, Plaintiff contacted Marshall University's Office of Disability Services which is charged with the University's compliance with statutes protecting the civil rights of disabled students, and with accepting notices of disabilities and evaluating requests for accommodations by disabled students. Plaintiff complied with the University's notice of disability requirements and specified the accommodations she needs to be successful in her academic endeavors. In particular, Plaintiff advised Marshall University's Director of Disability Services, Stephanie Ballou, that Plaintiff is deaf and will need the services of an interpreter and notetaker.

13. On or about March 8, 2019, and June 17, 2019, Plaintiff's then physician provided proof of Plaintiff's hearing disability to Marshall University's Office of the Director of Disability Services. Upon request of the University's Director of Disability Services, Stephanie Ballou, Plaintiff provided additional documentation and proof of Plaintiff's hearing disability with another

physician's letter dated July 25, 2019, and request for services on the form provided by Marshall University's Office of Disability Services.

14. Despite providing notice of her request for accommodation months in advance, on the morning of the first day of her classes, Plaintiff was advised that no interpreter was available and Plaintiff was forced to miss her first day. After that date, interpreter services were not consistently provided to Plaintiff while she attended classes; rather, interpreter services were provided only intermittently and, on at least one occasion, cancelled.

15. Plaintiff repeatedly discussed the lack of reliable and consistent access to an interpreter with the University's Director of Disability Services, Stephanie Ballou. On August 28, 2019, to meet Plaintiff's academic needs, Plaintiff requested access to an interpreter to assist her in utilizing the university's writing center, tutoring center, and bookstore; to assist her in meeting with her mentor in the EDGE program; and, to assist her at meetings with professors during office hours.

16. In response to the foregoing request, Marshall University's Director of Disability Services, Stephanie Ballou, initially advised Plaintiff that the University denied her request for interpreter services outside of classes. On behalf of the University, Stephanie Ballou later informed Plaintiff that, if she required an interpreter for any academic reason other than attending classes, Plaintiff must provide one week's advance notice of the request.

17. Consistent with the University's policy as communicated to Plaintiff, on September 13, 2019, Plaintiff advised the University's Office of the Director of Disability Services that Plaintiff required an interpreter for a required appointment with a Career Education Specialist as part of Plaintiff's FYS class on September 24, 2019. Contrary to the prior representations made

to Plaintiff regarding the need for one-week notice prior to scheduling an interpreter for a purpose other than attending classes, on September 13, 2019, the University's Director of Disability Services, Stephanie Ballou, advised Plaintiff that the request for an interpreter, made eleven (11) days in advance, did not provide sufficient time to provide an interpreter for Plaintiff's academic appointment.

18.     Also on September 13, 2019, Ms. Ballou provided to Plaintiff, for the first time, a copy of a document titled: Administrative Procedure Student – 06 Procedure for Interpreting Services for Deaf, Hard-of-Hearing and Hearing Support, which states that a student is to "[r]equest the reasonable accommodation of interpreter services at least four weeks in advance… by completing the Request for Accommodations form online …"  This "procedure document" was signed and dated as "approved" by Marshall University's then Interim Director of Student Affairs and Associate Vice President, Intercultural Affairs, Maurice Cooley, also on September 13, 2019.

19.     On September 16, 2019, Plaintiff met with Marshall University's then Interim Director of Student Affairs and Associate Vice President, Intercultural Affairs, Maurice Cooley, to discuss the failures on the part of the University to provide the necessary and required interpreter services on a consistent, reliable, and timely basis; and, to discuss the four-week notice request included in the "procedure document" dated September 13, 2019.  At this meeting, Mr. Cooley did not appear to remember the "procedure document", its contents, or having ever read it.  He further refused Plaintiff's request to provide interpreter services outside of classes, arguing that Marshall University has limited resources and that he did not believe the request constituted a reasonable accommodation.  Mr. Cooley further berated Plaintiff that she needed to plan for any visit with a professor, irrespective of its brevity or timeliness to a pending assignment, at least four weeks in

advance. Mr. Cooley also asked Plaintiff if she could understand reading and writing; inquired about Plaintiff's GPA, ACT scores; and, was visibly surprised when he learned of Plaintiff's academic accomplishments.

20. Subsequent to the September 16, 2019, meeting, in an attempt to conform to the egregious four-weeks advance notice policy instituted by Defendants, Plaintiff prepared a schedule for all of the events between September and December 2019, at which Plaintiff believed she would require an interpreter, and provided this schedule to Marshall University's Director of Disability Services, Stephanie Ballou.

21. Defendant University has failed and continues to refuse to provide Plaintiff with necessary and timely access to an interpreter or other suitable alternative accommodation for academic activities, including, meetings and conferences with the University's professors, tutoring services, bookstore, and writing center.

22. Defendant University is required to engage in an interactive process with Plaintiff to identify alternative reasonable accommodations, and to make reasonable accommodations, including providing auxiliary aids and services, to enable Plaintiff to participate in the University's educational program and activities.

23. Defendant University has failed to fully engage in an interactive process to identify suitable alternative accommodations that could meet Plaintiff's needs so that she may meaningfully and timely communicate with professors, tutors, writing center personnel, or bookstore staff outside of class.

24. The accommodations for interpreter or other reasonable accommodation services requested by Plaintiff of Defendant University are reasonable and necessary given Plaintiff's

disability for her to progress through the educational program into which she was accepted. Reasonable and necessary interpreter services or other reasonable accommodations were not provided to the Plaintiff; and, as a result, she has been put at a substantial disadvantage from other students.

25. Since Plaintiff was denied access to information and activities available to other students and necessary to successfully complete required coursework, she was forced to withdraw from the University.

26. Plaintiff fully intends to return to Marshall University and attend classes once the University has put appropriate accommodations in place.

27. To the extent any claims asserted herein are subject to governmental/sovereign immunity, said claims are being asserted only under and up to the limits of the available insurance coverage.

## COUNT I
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. §701, et seq.
## (Against Defendant University)

28. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

29. Plaintiff is an individual with a disability who, with reasonable modifications to rules, policies, or practices, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity such as Defendant University.

30. Plaintiff is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

31. Defendant University has received and continues to receive Federal financial assistance so as to be covered by the mandate of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. (the "RA"), including, 29 U.S.C. § 794.

32. Plaintiff provided Defendant University with a record of her hearing disability and, despite Plaintiff's requests for reasonable accommodations, Defendant University has failed to engage in the interactive process and refused to provide reasonable accommodations to Plaintiff.

33. Defendant University's failure to provide reasonable accommodations and modify its services to Plaintiff constitutes discriminatory treatment and has denied Plaintiff the opportunity to participate in and benefit from the University's services, programs, and activities, and otherwise discriminated against her, all in violation of the RA.

34. Defendant University's implementation of a policy requiring four-weeks' notice in order to obtain interpreter services for activities such as meeting with professors and/or communicating with Defendant University's tutoring, writing center, or bookstore personnel constitutes discriminatory treatment and has denied Plaintiff the opportunity to participate in and benefit from the University's services, programs, and activities, and otherwise discriminated against her, all in violation of the RA.

35. Solely by reason of her disability, Plaintiff was excluded from participation in and denied the benefits of the programs provided by Defendant University, and otherwise subjected to discrimination, all of which violates the RA.

36. Defendant University exercised bad faith in failing to provide reasonable accommodations and modifications to Plaintiff so that she could and may continue in and receive the full benefits and opportunities of her educational program, all of which violates the RA.

37. The acts, omissions, and conduct of Defendant University, by and through its agents and representatives, proximately caused injuries and damages to Plaintiff.

38. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorneys' fees and costs of suit incurred herein.

39. Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the RA, to allow her immediate access and participation in this public education program.

**COUNT II**
**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT,**
**42 U.S.C. §12101, *et seq*.**
**(Against Defendant University)**

40. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

41. Plaintiff is a qualified individual with a disability within the meaning and definition of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq*. (the "ADA") and 42 U.S.C. § 12131.

42. Defendant is a "public entity" as defined in 42 U.S.C. § 12131 so as to be covered by the mandate of the ADA.

43. Defendant is a facility, the operation of which constitutes a program and services for ADA purposes.

44. Plaintiff provided Defendant with a record of her hearing disability and, despite Plaintiff's requests for reasonable accommodations, Defendant has failed and refused to provide reasonable accommodations to Plaintiff in violation of the ADA.

9

45. Defendant's failure to engage in the interactive process and/or provide reasonable accommodations and modify its services to Plaintiff constitutes discriminatory treatment of Plaintiff in that Defendant has denied her the opportunity to participate in and benefit from Defendant's services, programs, and activities, and otherwise discriminated against her, all in violation of the ADA.

46. Defendant University's implementation of a policy requiring four-weeks' notice in order to obtain interpreter services for activities such as meeting with professors and/or communicating with Defendant University's tutoring, writing center, or bookstore personnel constitutes discriminatory treatment and has denied Plaintiff the opportunity to participate in and benefit from the University's services, programs, and activities, and otherwise discriminated against her, all in violation of the ADA.

47. The acts, omissions, and conduct of Defendant, by and through its agents and representatives, proximately caused injuries and damages to Plaintiff.

48. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorneys' fees and costs of suit incurred herein.

49. Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the RA, to allow her immediate access and participation in this public education program.

### COUNT III
### VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT, W. VA. CODE § 5-11-1, et seq.
### (Against Defendant Marshall University)

50. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

51. Plaintiff is a qualified individual with a disability within the meaning and definition of the West Virginia Human Rights Act, W. Va. Code § 5-11-3.

52. Defendant Marshall University is a "person" and "place of accommodation" within the definitions and meaning of W. Va. Code § 5-11-3 so as to be covered by the mandate of the West Virginia Human Rights Act, W. Va. Code § 5-11-1, *et seq.* (the "WVHRA").

53. Plaintiff provided Defendant with a record of her hearing disability and requested the services of an interpreter to accommodate her disability. The accommodations for interpreter services requested by Plaintiff of Defendant Marshall University are reasonable and necessary given Plaintiff's disability for her to progress through the educational program into which she was accepted.

54. Defendant University has failed to engage in the interactive process and refused to provide reasonable accommodations to Plaintiff in violation of the WVHRA.

55. Defendant's failure to provide reasonable accommodations and modify its services to Plaintiff constitutes discriminatory treatment of Plaintiff in that Defendant has denied her the opportunity to participate in and benefit from Defendant University's services, programs, and activities, and otherwise discriminated against her, all in violation of the WVHRA.

56. Defendant University's implementation of a policy requiring four-weeks' notice in order to obtain interpreter services for activities such as meeting with professors and/or communicating with Defendant University's tutoring, writing center, or bookstore personnel constitutes discriminatory treatment and has denied Plaintiff the opportunity to participate in and benefit from the University's services, programs, and activities, and otherwise discriminated against her, all in violation of the WVHRA.

57. The acts, omissions, and conduct of Defendant University, by and through its agents and representatives, proximately caused injuries and damages to Plaintiff.

58. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorneys' fees and costs of suit incurred herein.

59. Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the WVHRA, to allow her immediate access and participation in this public education program.

## COUNT IV
## CIVIL RIGHTS VIOLATION, 42 U.S.C. §1983
### (Against all Defendants)

60. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

61. This cause of action is brought against Defendant Marshall University and Defendants, Maurice Cooley and Stephanie Ballou, in their official capacities, solely for the prospective injunctive relief sought by Plaintiff.

62. As described herein, Plaintiff has a clearly established right to equal access to all benefits and privileges of public higher education and a right to reasonable accommodation to ensure that she is able to participate in the University's educational program.

63. Defendants' implementation of a policy requiring four-weeks' notice in order to obtain interpreter services for activities such as meeting with professors and/or communicating with Defendant University's tutoring, writing center, or bookstore personnel constitutes discriminatory treatment and has denied Plaintiff the opportunity to participate in and benefit from the University's services, programs, and activities, and otherwise discriminated against her, all in

violation of Plaintiff's equal protection and due process rights under the Fourteenth Amendment to the Constitution, and rights under the WVHRA.

64. Plaintiff has a right to be free from illegal practices and policies which constitute discriminatory treatment of Plaintiff in violation of the Constitution and laws.

65. By their actions, as described herein, Defendants, as part of a custom, policy and/or practice, deprived Plaintiff of the rights, privileges, or immunities secured by the Fourteenth Amendment to the Constitution and laws, including the WVHRA.

66. The acts and/or omissions of Defendants were conducted within the scope of their official duties and employment and under color of law.

67. Plaintiff has suffered and continues to suffer a deprivation of her rights, privileges, and immunities secured to her by the Constitution and laws; and, is entitled to a permanent injunction requiring Defendants, and their agents or representatives, to cease all unlawful and unconstitutional acts that they currently engage in and which are complained of by Plaintiff herein.

**COUNT V**
**BREACH OF CONTRACT**
**(Against Defendant University)**

68. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

69. Plaintiff has an express and implied contract with Defendant University in connection with rights explicitly guaranteed by the University pursuant to the Marshall University Student Handbook (Code of Student Rights and Responsibilities); the Student Impairment Assistance Policy, and the Marshall University Undergraduate Catalog.

70. The actions of Defendant University, including but not limited to the University's discrimination, denial of reasonable accommodations, and physical and programmatic accessibility, each constitute a breach of the express and implied contract.

71. The breaches and conduct of Defendant University, by and through its agents and representatives, have proximately caused injuries and damages to Plaintiff.

### COUNT VI
### NEGLIGENCE AND NEGLIGENT HIRING, TRAINING, RETENTION, & SUPERVISION
### (Against Defendant University)

72. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

73. Defendant University owes a duty to Plaintiff to make reasonable accommodations, including providing auxiliary aids and services, to enable Plaintiff to participate in the University's educational program and activities.

74. Defendant University owes a duty to Plaintiff to properly investigate, train and supervise its employees and assure that their actions comply with the Constitution and laws of the United States and the State of West Virginia, including the statutes discussed herein, and the policies of the University.

75. Defendants, Maurice Cooley and Stephanie Ballou, in their official capacities and as employees and/or representatives of Defendant University owe a duty to Plaintiff to properly implement and follow the laws of the United States and the State of West Virginia, including the statutes discussed herein, and the policies of the University.

76. Defendant University owes a duty to Plaintiff to terminate employees who fail to properly implement and follow the Constitution and laws of the United States and the State of West Virginia, including the statutes discussed herein, and the policies of the University.

77. Defendants breached their duties and were negligent as follows:

a. Defendant University failed to properly interview and evaluate Defendants, Maurice Cooley and Stephanie Ballou, prior to their hiring; and, failed to properly train, educate or supervise the individual Defendants and, upon information and belief, other employees, to assure compliance with the laws of the United States and the State of West Virginia, including, the ADA, RA and WVHRA, and the policies of the University;

b. Defendants, Maurice Cooley and Stephanie Ballou, in the course and performance of their employment at Defendant University, failed to properly implement and comply with the requirements and provisions of the ADA, RA, and WVHRA, and the and the policies of the University, by, among other things, failing and refusing to provide reasonable accommodations to Plaintiff, including providing auxiliary aids and services, to enable Plaintiff to participate in the University's educational program and activities.

c. Defendants instituted and implemented policies which precluded Plaintiff from participating in the educational program into which Plaintiff was accepted, all in violation of the requirements and provisions of the ADA, RA, WVHRA, and constitutionally protected equal protection and due process rights.

d. Defendant University knew or should have known of the wrongful acts, omissions and conduct of its employees and representatives, and failed to act diligently and properly to correct the violations of law described herein.

78. As a direct and proximate result of negligence, acts, omissions, and conduct described herein, Plaintiff has suffered extreme emotional distress and financial and other harm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. That Plaintiff be reinstated as a student in the pre-nursing program at Marshall University;

2. That this Court enter a permanent injunction against Defendants ordering them to provide reasonable accommodations to Plaintiff, including the services of an interpreter and notetaker, as requested and described herein;

3. Compensatory damages in excess of the jurisdictional requirement;

4. Attorneys' fees and costs as provided by law;

5. Prejudgment and post-judgment interest as provided by law;

6. Punitive damages as provided by law;

7. Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

SHAYNEN JONES,
By Counsel.
*/s/ David K. Hendrickson          12/24/2020*
David K. Hendrickson, Esquire (#1678)
Barbara A. Samples, Esquire (#5795)
Eric A. Arnold, Esquire (#12515)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia  25339
(304) 346-5500; (304) 346-5515 (facsimile)
daveh@handl.com
bsamples@handl.com
earnold@handl.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**SHAYNEN JONES, a**
**West Virginia Resident,**

        **Plaintiff,**

v.                                      CIVIL ACTION NO. 3:20-cv-00786

**MARSHALL UNIVERSITY BOARD**
**OF GOVERNORS d/b/a MARSHALL**
**UNIVERSITY; STEPHANIE BALLOU,**
**an individual; and MAURICE COOLEY,**
**an individual,**

        **Defendants.**

## CERTIFICATE OF SERVICE

    I, David K. Hendrickson, counsel for Plaintiff, do hereby certify that on the **24th day of December, 2020**, I have served a true and exact copy of the foregoing **"AMENDED COMPLAINT"** upon counsel of record listed below using the Court's CM/ECF system, which will deliver electronic copies of the same.

    Perry W. Oxley, Esquire / David E. Rich, Esquire / Eric D. Salyers, Esquire
    **OXLEY RICH SAMMONS, PLLC**
    P.O. Box 1704
    Huntington, West Virginia  25718
    *Counsel for Defendants*

                          */s/  David K. Hendrickson            12/24/2020*
                          David K. Hendrickson, Esquire (#1678)
                          Barbara A. Samples, Esquire (#5795)
                          Eric A. Arnold, Esquire (#12515)
                          **HENDRICKSON & LONG, PLLC**
                          214 Capitol Street (zip 25301)
                          P.O. Box 11070
                          Charleston, West Virginia   25339
                          (304) 346-5500; (304) 346-5515 (facsimile)
                          daveh@handl.com
                          bsamples@handl.com
                          earnold@handl.com